## NICHOLAS F. PALMER AND RICHARD H. BOWNE, EXECUTORS, ETC., OF FRANCES B. HEGEMAN, DECEASED, RESPONDENTS, *v.* MATTHEW HORN AND OTHERS, APPELLANTS.

*Construction of will — when grand-children not included in the words " children" or " issue."*

A testatrix gave to her executors $20,000, to divide the same " into as many shares as there shall be lawful issue of my deceased nephew, Matthew Horn, living at my death, and to invest the same and apply the interest and income from each of said shares to the use of each of said children respectively, and as they depart this life to pay over the principal of their share to their lawful issue share and share alike." At the death of the testatrix there were living three children of the said Horn, and two grand-children, the children of a deceased child.

*Held*, that the grand-children by the deceased child took no interest under the will.

APPEAL from a judgment, entered upon the trial of this action by the court without a jury.

This action was brought to obtain a construction of a clause in the will of Frances B. Hegeman, who died in the city of New York.

By this will the testatrix gave her executors so much of her estate as would enable them to comply with the provisions of the will, among which was a clause in this language :

" *Seventh.* To divide the sum of $20,000 into as many shares as there shall be lawful issue of my deceased nephew Matthew Horn living at my death, and to invest the same and apply the interest and income from each of said shares to the use of each of said children respectively, and as they depart this life to pay over the principal of their share to their lawful issue, share and share alike."

At the time of the death of the said Frances B. Hegeman there were living three children of her deceased nephew Matthew Horn, all adults, viz. : Margaret Sutton, Carrie Haight, and Mary Ely, and two grand-children of Matthew Horn, viz. : Nellie and Charles Berry, children of a deceased child named Elmira Berry, daughter

of said Matthew Horn. Elmira Berry died prior to the making of the will under consideration.

At the time of the death of the testatrix there were living children of the said Margaret Sutton and Mary Ely, and grand-children of Matthew Horn, viz.: Gilbert Sutton, Edward Sutton, Lewis Sutton, children of Margaret Sutton; Frank Ely and Joseph Ely, children of said Mary Ely. The question presented was whether, under the seventh clause of the will, the children of Elmira Berry, who was a daughter of Matthew Horn, and who had died before the will, took any share or portion.

The following opinion was delivered by the justice at Special Term:

" VAN BRUNT, J.:

" The main argument used by the counsel for the defendants Berry, to show that the construction which he contends for must be given to the will, is, that otherwise these grand-children can have no participation in the estate and that the testatrix has shown no intention to omit them from the benefaction.

It seems to me that, in the clause of the will under consideration, the testatrix has used the terms ' lawful issue ' and ' children' synonymously, because after directing the bequest to be divided into as many shares as there shall be lawful issue of her deceased nephew Matthew Horn living at her death, she directs the income to be applied to the use of each of the said children respectively, phraseology which would seem clearly to indicate that the clause must be read as though the word children occurred in both parts of the subdivision.

That this is the true interpretation seems to be conceded by the counsel for the defendants Berry, as his argument seems to be to establish that the use of the word " children" includes grand-children, and he cites the case of *Prowit* v. *Rodman* (37 N. Y., 42) to sustain this proposition.

This construction has never been put upon the term children unless there are no children to take. Grand-children are not permitted to take under the term children, unless the intent of the testator would be completely frustrated, and it has been a much contested question whether the term lawful issue could in any

event be construed to take in grand-children where there were children who could inherit. But in the case at bar, the term lawful issue is clearly intended to have no greater signification than the word children, and the testatrix evidently had in mind the children of her deceased nephew Matthew Horn who should .be living at her death, as the recipients of her bounty, and that grand-children should not participate if their parent was not living at her death, and then only upon the death of the parent.

I am unable to see that the language used in the fourth and thirteenth clauses of the will gives us any aid in construing the clause in question, and a discussion of the language of the fourth and thirteenth clauses would lead to an expression of an opinion as to what was meant by these clauses, a question which is not before me. I refrain from any allusion to these sections or to their construction.

I am of the opinion, therefore, that the grand-children of Matthew Horn took no interest under the will of Frances B. Hegeman."

*Milton A. Fowler*, for the appellants.

*John Reynolds*, for the respondent.

*Per Curiam:*

Although the questions presented for consideration in this case are not entirely free from doubt, the better opinion is that the disposition made of it by the Special Term is correct.

We adopt the opinion expressed by the learned justice in the court below, as expressive of our views of the question and of the conclusion at which he arrives.

The judgment should be affirmed; the costs of both parties to be paid out of the fund.

Present — DAVIS, P. J., BRADY and BARRETT, JJ.

Judgment affirmed; costs of the parties to be paid out of the fund.